**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 30 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BLANCA RUBIDIA ROJAS-GUILLEN, | No. 19-71372 |
| Petitioner, | Agency No. A078-930-377 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Immigration Judge

Submitted April 20, 2021[**]

Before: THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

Blanca Rojas-Guillen, a native and citizen of El Salvador, petitions pro se for review of an immigration judge's ("IJ") determination under 8 C.F.R. § 1208.31(a) that she did not have a reasonable fear of persecution or torture in El Salvador and thus is not entitled to relief from her reinstated removal order. We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 8 U.S.C. § 1252. We review an IJ's negative reasonable fear determination for substantial evidence. *Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016). We deny the petition for review.

Substantial evidence supports the IJ's determination that Rojas-Guillen failed to establish a reasonable possibility of persecution in El Salvador on account of a protected ground. *See Ayala v. Holder*, 640 F.3d 1095, 1097 (9th Cir. 2011) (even if membership in a particular social group is established, an applicant must still show that "persecution was or will be *on account of* his membership in such group"); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground").

Substantial evidence also supports the IJ's determination that Rojas-Guillen failed to demonstrate a reasonable possibility of torture by or with the consent or acquiescence of the government if returned to El Salvador. *See Andrade-Garcia*, 828 F.3d at 836-37 (no reasonable possibility of torture with government acquiescence).

We reject as unsupported by the record Rojas-Guillen's contentions that the IJ and asylum officer ignored her testimony after finding her not credible, violated her right to due process, or otherwise erred in the analysis of her claims.

The temporary stay of removal remains in place until issuance of the mandate. The motion for a stay of removal (Docket Entry No. 1) is otherwise denied.

**PETITION FOR REVIEW DENIED.**